# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| ANTONIO CABALLERO, <br><br> *Plaintiff & Garnishor,* <br><br> v. <br><br> FUERZAS ARMADAS REVOLUCIONARIAS DE COLOMBIA a/k/a FARC-EP a/k/a REVOLUTIONARY ARMED FORCES OF COLOMBIA; AND THE NORTE DE VALLE CARTEL, <br><br> *Judgment Debtors,* <br><br> v. <br><br> PETRÓLEOS DE VENEZUELA, S.A., <br><br> *Respondent & Real Party-in-Interest,* <br><br> & <br><br> SOLAR TURBINES INCORPORATED, <br><br> *Garnishee.* | C.A. No. 4:21-cv-916 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Respondent and Real Party-in-Interest Petróleos de Venezuela, S.A. ("PDVSA"), by its attorneys, White & Case LLP, hereby removes this action from the 284th Judicial District Court for Montgomery County, Texas, to the United States District Court for the Southern District of Texas. In filing this Notice of Removal, PDVSA does not waive, and expressly preserves, any and all of its rights, claims, privileges, immunities, and defenses, including those under the Foreign Sovereign Immunities Act, as amended, 28 U.S.C. §§ 1330, 1602-1611 ("FSIA").

1. This action involves Plaintiff's attempt to seize assets of PDVSA to satisfy a default judgment obtained against the Fuerzas Armadas Revolucionarias de Colombia (the "FARC") and Norte del Valle Cartel ("NDVC"), the Colombian narco-terrorist organizations.

2. Plaintiff obtained his default judgment from the U.S. District Court for the Southern District of Florida in *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, No. 1:18-cv-25337, ECF 63 (S.D. Fla. May 20, 2020), in the amount of $46,729,667.00 (the "Default Judgment"). He registered the Default Judgment on September 28, 2020 in the 284th Judicial District Court for Montgomery County, Texas under Case No. 20-09-11744, and on January, 5, 2021 commenced this enforcement action, Case No. 21-01-00087 in the 284th Judicial District Court for Montgomery County, Texas (the "State Court Action"). Both actions are the subject of removal to this Court.

3. PDVSA was not a defendant in the underlying action in which the Default Judgment was entered, but Plaintiff alleges in this registration action that PDVSA is an agency or instrumentality of the FARC and, on this basis, Plaintiff is attempting to seize PDVSA's assets under the Terrorism Risk Insurance Act ("TRIA"), 107 Pub. L. No. 297, 116 Stat. 2322, 2337–40 (codified at 28 U.S.C. § 1610 note). PDVSA is not an agency or instrumentality of the FARC and has numerous federal statutory defenses supporting dismissal of this action, which it will assert in due course pursuant to the applicable rules.

4. As the directly and wholly owned national oil company of Venezuela, it is well established that PDVSA is an "agency or instrumentality of a foreign state," as that phrase is defined in Section 1603(b) of the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1602, *et seq.* ("FSIA"). *See* CONSTITUCIÓN DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA art. 303 ("[E]l Estado conservará la totalidad de las acciones de Petróleos de Venezuela, S.A." ("[T]he

State shall retain all shares of Petróleos de Venezuela, S.A.")));[1] *see also, e.g.*, *Lubian v. Republic of Cuba*, 440 F. App'x 866, 867-68 (11th Cir. 2011) (observing that PDVSA is "an agency or instrumentality of Venezuela" and therefore a "foreign state" within the meaning of the FSIA); *Dresser-Rand Co. v. Petróleos De Venezuela, S.A.*, 2019 U.S. Dist. LEXIS 114704, at *1 (S.D.N.Y. July 3, 2019) (same). This Court has removal jurisdiction under 28 U.S.C. § 1441(d) because a "foreign state" may remove an action "to the district court of the United States for the district and division embracing the place where such action is pending."

5. Courts in the Fifth Circuit have repeatedly affirmed the right of a foreign state or its agency or instrumentality to remove an action to federal court where that action involves enforcement against its property. *See Arriba, Ltd. v. Petróleos Mexicanos*, 962 F.2d 528 (5th Cir. 1992) (recognizing right of Mexico's national oil company to remove garnishment action to federal court and dismissing action for lack of FSIA jurisdiction); *National Union Fire Insurance Co. v. People's Republic of Congo*, 2005 U.S. Dist. LEXIS 6206 at *12-13 (N.D. Tex. Apr. 8, 2005) (denying remand of garnishment action involving final state court judgment and writs of garnishment in respect of foreign state's property); *FG Hemisphere Assocs. v. Republique Du Congo*, 2002 U.S. Dist. LEXIS 27760 at *3-4 (S.D. Tex. Nov. 19, 2002) (finding removal jurisdiction proper over enforcement action and dissolving state court writs for lack of jurisdiction).

6. This action is also removable under 28 U.S.C. § 1441(a), as this is a civil action of which the district courts of the United States have original jurisdiction. Specifically, the FSIA provides the "sole basis for obtaining jurisdiction" over PDVSA and its property in U.S. courts.

---

[1] Available at http://www.cne.gob.ve/web/normativa_electoral/constitucion/indice.php. An unofficial English translation is available at http://hrlibrary.umn.edu/research/venezuela-constitution.html.

*Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434 (1989).  As such, district courts have original jurisdiction over "foreign states," as well as actions arising under federal law.  28 U.S.C. §§ 1330(a), 1331.

7. All conditions and procedures for removal have been satisfied.

8. The Notice of Removal is timely filed.  To date, PDVSA has not been served with process in compliance with Section 1608(b) of the FSIA and PDVSA specifically preserves its right to contest the adequacy of service of process at the appropriate time under the applicable rules.  *See Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000) (upholding removal by a foreign-state third-party defendant who had not yet been served in the state court action because § 1441(d) "does not refer to a served party, or even the term 'party,' and it does not differentiate between parties who have been served and those who have not" and because "Texas views an action as having commenced when a petition is filed").

9. In brief, Plaintiff's attempted service does not comply with any of the exclusive methods of service listed in Section 1608(b)(1)-(3) of the FSIA.  Where Plaintiff has attempted service, he has done so (incorrectly) by direct mailing to Venezuela.  Such mailing was not "reasonably calculated to give actual notice" under Section 1608(b)(3)(B) because the addressee was not the correct entity.  Rather the addressee is an entity that the illegitimate Venezuelan regime of Nicolás Maduro purports to control.  The United States (among many other countries) does not recognize the Maduro regime but instead recognizes the Interim Government, headed by Interim President Juan Gerardo Guaidó Márquez, as the legitimate government of Venezuela.  *See* Press Briefing, U.S. Dep't of State, Department Press Briefing (Mar. 12, 2021) ("[The United States] continue[s] to recognize the legal authority of the democratically elected 2015 National Assembly and . . . the person chosen by this National Assembly to be its

president as the constitutional interim president of Venezuela is Juan Guaido.");[2] *OI European Grp., B.V. v. Bolivarian Republic of Venez.*, 2019 U.S. Dist. LEXIS 85128, at *14 (D.D.C. May 21, 2019) ("[B]ecause the United States has recognized Juan Guaidó as the Interim President of Venezuela, the Court will recognize the Guaidó government lawyers as the appropriate representatives of Venezuela").  And, because the Interim Government has appointed an Ad Hoc Board to control and manage PDVSA, courts have recognized the authority of the Ad Hoc Board, and not the entity to which Plaintiff purported to mail service.  *See, e.g.*, *Jimenez v. Palacios*, No. CV 2019-0490-KSJM, 2019 Del. Ch. LEXIS 288 (Del. Ch. Aug. 2, 2019), *as revised* (Aug. 12, 2019), *aff'd,* 237 A.3d 68 (Del. 2020).

10. Irrespective of this fatal defect, the docket does not reflect any evidence that the mailing was dispatched by the clerk, required a signed receipt, or contained a translation of the garnishment notices in Spanish, as required under Section 1608(b)(3).  Accordingly, the thirty-day removal period specified in 28 U.S.C. § 1446(b) never commenced, and removal is timely.

11. Pursuant to Local Rule 81, attached hereto in an Appendix are:

(a)  An index of matters being filed, *see* Exhibit A;

(b) A copy of the docket sheet in both the State Court Action and in Case No. 20-09-11744, *see* Exhibits B–C;

(c) All executed process in the State Court Action, *see* Exhibits D–P;

(d) All pleadings in State Court Action, *see* Exhibits Q–S;

(e) All orders signed by the judge in the State Court Action*, see* Exhibits T;

(f) A list of all counsel of record, *see* Exhibit U.

---

[2] Available at https://www.state.gov/briefings/department-press-briefing-march-12-2021/.

12. PDVSA has given written notice of the filing of this Notice of Removal to Plaintiff and will file a Notification of Removal with the Clerk of the 284th Judicial District Court for Montgomery County, Texas.

13. Accordingly, PDVSA removes to this Court the State Court Action now pending in the 284th Judicial District Court for Montgomery County, Texas under Case No. 20-12-5429.

Dated:  March 19, 2021
        Houston, Texas

Respectfully submitted,

**WHITE & CASE** LLP

By: /s/ *Michael Rodgers*
Michael Rodgers
*Attorney-in-Charge*
Texas State Bar No. 24095114
S.D. Tex. Bar No. 2638667
michael.rodgers@whitecase.com
Steven P. Otillar
*Of Counsel*
Texas State Bar No. 00794409
Motion to appear *pro hac vice* forthcoming
sotillar@whitecase.com
White & Case LLP
609 Main Street
Suite 2900
Houston, Texas 77002
tel.: (713) 496-9700
fax: (713) 496-9701

Nicole Erb
Claire A. DeLelle
Timothy L. Wilson, Jr.
*Of Counsel*
Motions to appear *pro hac vice* forthcoming
nerb@whitecase.com
claire.delelle@whitecase.com
timothy.wilson@whtecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, D.C., 20005

tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel for Petróleos de Venezuela, S.A.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served on the following parties and counsel of record, on March 19, 2021, by email at the following addresses:

Hank Fasthoff
Fasthoff Law Firm, PLLC
21 Waterway Ave., Suite 300
The Woodlands, Texas 77380
hank@fasthofflawfirm.com

Joseph Zumpano
Leon Patricios
Zumpano Patricios, PA
312 Minorca Avenue
Coral Gables, Florida 33134
jzumpano@zplaw.com
lpatricios@zplaw.com

*Counsel for Plaintiff and Garnishor,*
*Antonio Caballero*

Christina M. Carroll
Dorsey & Whitney LLP
300 Crescent Court, Suite 400
Dallas, Texas 75201
tel.: (214) 981-9900
carroll.christina@dorsey.com

*Counsel for Garnishee,*
*Solar Turbines Incorporated*

I certify that a true and correct copy of the foregoing document was served on the following parties, on March 19, 2021 by leaving it with the court clerk pursuant to Federal Rule of Civil Procedure 5(b)(2)(D):

Fuerzas Armadas Revolucionarias De Colombia
a/k/a FARC-EP
a/k/a Revolutionary Armed Forces of Colombia

*Judgment Debtor*

Norte del Valle Cartel

*Judgment Debtor*

/s/ *Michael Rodgers*